**SIGNED THIS: August 02, 2011**

_____
**GERALD D. FINES
UNITED STATES BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE:                              )
                                    )
ROBERT C. ANDRES,                   ) Bankruptcy Case No. 10-92563
                                    )
                    Debtor.         )

OPINION

This matter having come before the Court for confirmation of the Debtor's First Amended Chapter 13 Plan and the Chapter 13 Trustee's oral objection thereto; the Court, having heard arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

1.    The Debtor filed for relief under Chapter 13 of the Bankruptcy Code on December 22, 2010.

2. The Debtor filed a First Amended Chapter 13 Plan on May 27, 2011, proposing to pay the sum of $375 per month for 36 months, for a total payment to the Chapter 13 Trustee of $13,500. The payments provided in the Debtor's First Amended Chapter 13 Plan will pay the balance of the Debtor's attorney's fees, cure mortgage arrearages on the Debtor's first and second mortgages, accomplish cram downs on several consumer accounts of the Debtor, and leave approximately $1,111.62 to be divided among the Debtor's unsecured creditors.

3. The Debtor's Statement of Current Monthly Income (Form 22C) characterizes the Debtor as an "over the median" debtor, but shows negative disposable income on Line 59 of $248.15. As such, the Debtor was eligible for and could have chosen Chapter 7 relief, however, elected to proceed under Chapter 13 primarily to save his home, curing the mortgage arrearages thereon.

4. The Debtor's Schedules I and J show a negative disposable income in the amount of $235.42.

5. There is no dispute over the Debtor's current monthly and disposable income or of the information contained in Debtor's Schedules I and J.

6. At the confirmation hearing on Debtor's First Amended Chapter 13 Plan held on June 28, 2011, the Trustee's attorney voiced an objection on the grounds that the Debtor's plan should be 5 years in duration, given that the Debtor is deemed to be "over the median." The Court ordered the parties to file briefs on the issue, and those briefs now having been filed, the Court finds the matter is ripe for decision.

## Conclusions of Law

This matter is governed by 11 U.S.C. § 1325(b)(1), which states, in pertinent part, as follows:

> (b) (1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan --

    (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

    (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan. . . .

  (4) For purposes of this subsection, the "applicable commitment period" --

    (A) subject to paragraph (B), shall be --

      (i) 3 years; or

      (ii) not less than 5 years, if the current monthly income of the debtor and the debtor's spouse combined, when multiplied by 12, is not less than --

        (I) in the case of debtor in a household of 1 person, the median family income of the applicable State for 1 earner;

        (II) in the case of debtor in a household of 2, 3, or 4 individuals, the highest median family income of the applicable State for a family of the same number or fewer individuals; or

        (III) in the case of debtor in a household of exceeding 4 individuals, the highest median family income of the applicable State for a family of 4 or fewer individuals, plus $625 per month for each individual in excess of 4; and

    (B) may be less than 3 or 5 years, whichever is applicable under subparagraph (A), but only if the plan provides for payment in full of all allowed unsecured claims over a shorter period.

In the case of <u>In re Burrell</u>, 2009 WL 1851104 (Bankr. C.D. Ill. 2009), Judge Gorman, in Springfield, held that an "over the median" debtor with negative disposable means test income was only required to file a 3 year plan. In so ruling, Judge Gorman chose a common sense approach finding that neither the language of 11 U.S.C. § 1325(b)(1), nor (b)(4) mandates that a debtor's applicable commitment period requires the filing of a plan with a particular temporal duration. Judge Gorman held that a debtor's applicable commitment period is used at § 1325(b)(1) solely as a multiplier to calculate a debtor's aggregate projected disposable income

which must be committed to pay unsecured creditors. Having carefully reviewed Judge Gorman's decision in Burrell, supra, this Court finds that it agrees with the position taken by Judge Gorman that the phrase "applicable commitment period" is not a minimum time frame during which debtors must remain in bankruptcy, but is simply in the nature of a multiplier that establishes the minimum amount to be paid to unsecured creditors. As such, in the instant case where there is no projected disposable income, the requirement that the Debtor remain in Chapter 13 for a period of 5 years is not applicable. This position is supported in numerous cases authored following the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act. See: In re Mathis, 367 B.R. 629 (Bankr. N.D. Ill. 2007); In re Vidal, 418 B.R. 135 (Bankr. M.D. Pa. 2009; In re Lawless, Case No. 10-92499 (Bankr. E.D. Cal. 2010; and In re Davis, 439 B.R. 863 (Bankr. N.D. Ill. 2010). Given this authority, this Court rules in favor of the Debtor, finding that the Debtor's First Amended Chapter 13 Plan, filed on May 27, 2011, proposing to pay $375 a month for 36 months, should be confirmed.

###